IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BERNARD d'ABRERA and HILL HOUSE PUBLISHERS PTY LTD., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-365 C |
| THE UNITED STATES, | ) | Judge Charles F. Lettow |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, Defendant hereby answers the averments made in each of the numbered paragraphs of the Complaint transferred to this Court and filed on July 9, 2007. Upon current information and belief, all averments of the Complaint are denied except to the extent expressly admitted below.

**NATURE OF THE ACTION**

1. With respect to paragraph 1 of the Complaint, Defendant admits that Plaintiffs' copyright claim was transferred from the Southern District of New York pursuant to 28 U.S.C. § 1631. Defendant denies the remaining averments.

**JURISDICTION AND VENUE**

2. With respect to paragraph 2 of the Complaint, Defendant admits that jurisdiction exists under 28 U.S.C. § 1498(b), that the United States government is the Defendant in this action

for copyright infringement, and that Stephen Kinyon was an agent of the Smithsonian with respect to Plaintiffs' allegations. Defendant denies the remaining averments.

**PARTIES**

3. With respect to paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

4. With respect to paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

5. With respect to paragraph 5 of the Complaint, Defendant admits that Stephen Kinyon was an agent of the Smithsonian with respect to Plaintiffs' allegations. Defendant admits the remaining averments of paragraph 5 of the Complaint.

**FACTUAL BACKGROUND**

6. With respect to paragraph 6 of the Complaint, Defendant admits that Bernard d'Abrera has authored several books on butterflies and moths. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

7. With respect to paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

8. With respect to paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

9. With respect to paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

10. With respect to paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

11. With respect to paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

12. With respect to paragraph 12 of the Complaint, Defendant admits that Plaintiff Bernard d'Abrera is listed as the author of each of the identified books. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

13. Defendant admits the averments of paragraph 13 of the Complaint.

14. Defendant admits the averments of paragraph 14 of the Complaint.

15. With respect to paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

16. With respect to paragraph 16 of the Complaint, Defendant admits that *Butterflies of the Oriental Region, parts 1 and 2* contain copyright notices identifying Mr. d'Abrera as the copyright owner. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

17. With respect to paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

18. With respect to paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

19. With respect to paragraph 19 of the Complaint, Defendant admits that the Smithsonian's CRC initiated the project of producing an illustrated checklist of Myanmar's butterflies. Defendant denies the remaining averments.

20. With respect to paragraph 20 of the Complaint, Defendant admits that Stephen Kinyon, an amateur lepidopterist who initially "did not consider himself skilled enough for the task," began working on the project for the Smithsonian's National Zoo. Defendant admits that Scott Miller, associate director for conservation, later became involved in the dispute with Bernard d'Abrera regarding the project. Defendant denies the remaining averments.

21. With respect to paragraph 21 of the Complaint, Defendant admits that Stephen Kinyon and one other person at the Smithsonian's CRC realized that they could not collect specimens to cover every butterfly and moth species found in Myanmar. Defendant admits that Stephen Kinyon "filled in the gaps with images copied from several published works," including at least one of Bernard d'Abrera's books. Defendant denies the remaining averments.

22. Defendant denies the averments of paragraph 22 of the Complaint.

23. With respect to paragraph 23 of the Complaint, Defendant admits that Stephen Kinyon scanned and used a number of butterfly pictures from *The Butterflies of the Malay Peninsula* and Mr. d'Abrera's *Butterflies of the Oriental Region*. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

24. Defendant admits the averments of paragraph 24 of the Complaint.

25. Defendant admits the averments of paragraph 25 of the Complaint.

26. Defendant admits the averments of paragraph 26 of the Complaint.

27. Defendant admits the averments of paragraph 27 of the Complaint.

28. With respect to paragraph 28 of the Complaint, Defendant admits that *An Illustrated Checklist for the Butterflies of Myanmar* contains approximately 2,130 images, and contains a number of unauthorized reproductions of images from Plaintiffs' books without attribution. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

29. With respect to paragraph 29 of the Complaint, Defendant admits that some of the images were intentionally modified by repairing tears in hindwings, airbrushing out legs, and cutting off a right forewing apex. Defendant denies the remaining averments.

30. With respect to paragraph 30 of the Complaint, Defendant admits that *An Illustrated Checklist for the Butterflies of Myanmar* was published without Plaintiffs' authorization to the Smithsonian. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

31. With respect to paragraph 31 of the Complaint, Defendant admits that *An Illustrated Checklist for the Butterflies of Myanmar* was distributed to other people without Plaintiffs' authorization. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

32. With respect to paragraph 32 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

## COUNT I

33. To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs of the Complaint.

34. Paragraph 34 contains legal conclusions which require no response. To the extent that a response is required, Defendant denies the averments of paragraph 34 of the Complaint.

35. Defendant admits the averments of paragraph 35 of the Complaint.

36. Defendant denies the averments of paragraph 36 of the Complaint.

37. Defendant denies the averments of paragraph 37 of the Complaint.

38. Defendant denies the averments of paragraph 38 of the Complaint.

39. Defendant denies the averments of paragraph 39 of the Complaint.

## PRAYER FOR RELIEF

40. To the extent that Plaintiffs' prayer for relief contains any factual allegations, Defendant denies the same. Defendant specifically denies that Plaintiffs are entitled to any statutory or actual damages; profits or other compensation; an injunction or any further relief; interest; or that Plaintiffs are entitled to any costs including any attorney's fees.

## DEFENSES

Upon current information and belief, Defendant further answers concerning its defenses:

1. To the extent that Plaintiffs' claim arises in a foreign country, it is barred. See 28 U.S.C. § 1498(c).

2. Plaintiffs are barred from recovering damages for copyright infringement committed more than three years, plus the amount of time between the receipt of the administrative claim and the mailing of the denial, prior to the filing of the Complaint. See 28 U.S.C. § 1498(b).

3. The Defendant's use of Plaintiffs' copyrights was a fair use. See 17 U.S.C. § 107.

4. Plaintiffs are not entitled to statutory damages for works that are not registered. See 17 U.S.C. § 412.

5. Defendant has not waived sovereign immunity with respect to vicarious or contributory copyright infringement. See Boyle v. United States, 44 Fed. Cl. 60, 63 (1999), aff'd 200 F.3d 1369 (Fed. Cir. 2000).

6. Answering further, Defendant asserts any and all defenses which are presently unknown to defendant but which, when ascertained, Defendant prays leave to add to this Answer.

WHEREFORE, Defendant respectfully requests the following relief:

A. That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiffs;

B. That the Court adjudge Plaintiffs' copyrights not infringed by or for Defendant;

C. That the Court adjudge Plaintiffs are not entitled to any compensation;

D. That Defendant recover from Plaintiffs all of its expenses, including costs and attorney's fees; and

E. That Defendant have such further relief as the Court deems proper and just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:
LAURYN GUTTENPLAN
Smithsonian Institution

September 10, 2007